## ALDEN SANBORN *vs.* JACOB M. PAUL.

*Law—referees judges of.*

If a submission contain no provision in relation to the rules of evidence that shall govern the referees, they are not restricted to the rules of the common law, but may receive the statements of parties without requiring them to be first sworn.

To an action on a common-law award based upon the breach of a written contract, it is no defense that the contract before the referees was not identified so long as they had the right one.

ON REPORT.

ASSUMPSIT on an award made upon a submission at common law, which may be found in the opinion.

After the paper evidence, including submission and award, was put in,

One of the referees testified substantially

That due notice of the hearing was given the parties; that the defendant was not present; that the referees went and examined the mill, but administered no oath to any witness; that the amount of $25.97, included in the award, was the amount of the private account for repairs on mill, made by the plaintiff, submitted to the

referees by the plaintiff, and asserted by the plaintiff to have been made by him; that the matter was talked over between the referees and the plaintiff and one or two others present at the hearing; that the referees made up their award mostly by the papers, the lease, and the rule which was their guide; that a lease was shown the referees, but it was not particularly identified.

The case was withdrawn from the jury and reported to the full court, who were to render judgment according to the law and evidence.

*N. Abbott*, for the plaintiff.

*J. Williamson*, for the defendant, cited *Strong* v. *Strong*, 9 Cush. 577; 2 Greenl. on Ev. § 78; *Buck* v. *Spofford*, 35 Maine, 526.

APPLETON, C. J.  On Dec. 8, 1870, these parties entered into a submission at common law.

The submission is as follows:

‘ Whereas we, the undersigned, Alden Sanborn and Jacob M. Paul, on the fourth day of December, A. D. 1869, made and signed a contract as to the leasing and sale of the Sanborn mill, land, and privilege situated in Brooks, and whereas said Paul has refused to convey said premises, or neglected to do so; now, therefore, a dispute having arisen between us as to the damages said Paul shall pay to said Sanborn for the breach of said contract, we, the undersigned, hereby agree to refer said question of damages to William E. Mitchell of Belfast, Emery A. Calderwood of Waldo, and Richard A. Gurney of Belfast, the report and award of whom or a majority of whom shall be final and binding upon the parties. Said referees shall give notice to the parties and determine said question of damages at the earliest convenient day. Dated at Belfast this 8th day of December, A. D. 1870.

ALDEN SANBORN.<br>JACOB M. PAUL.’

By this submission the question of damages only were submit-

ted. The liability of the defendant was admitted. The extent of that liability was the only question to be determined. *Samson* v. *Young*, 50 N. H. 62.

The referees gave due notice to the parties of the time and place of hearing. After waiting at the time and place appointed, the defendant not appearing, the referees, having the contract for the breach of which damages were claimed, proceeded to examine the premises to which the contract related, to hear the statements of the plaintiff and others, and then to make their award.

The objection is taken that the parties received and acted upon statements of the plaintiff and others not under oath, and upon the original contract without its being identified.

The referees were the judges of the law and the fact. They were not restricted to the technical rules of the common law in the admission of evidence. They might receive the statements of parties without requiring them to be sworn, and it would not affect their award. It has been repeatedly held, that it was no ground for setting aside an award that the witnesses were not examined under oath, particularly when no objection is made at the time. *Ridout* v. *Pye*, 1 B. & P. 91 ; *Maynard* v. *Frederick*, 7 Cush. 247. After fully examining the authorities upon the subject, Woods, J., in *Johnson* v. *Noble*, 13 N. H. 295, says, ' The plain doctrine, deducible from the cases cited, is, that a submission of the law of a case to referees is to be considered as embracing in it a submission of the rules of evidence ; and that the decision of the referee is as conclusive in relation thereto, as in relation to any other matter of law or fact submitted. And it is a reasonable doctrine.' To the same effect was the decision of this court in *Smith* v. *Gorman*, 41 Maine, 406. The defendant, by neglecting to appear, is not to be in a better condition than if he had appeared and objected, in which case, as has been seen, his objections would have been overruled.

The original contract before this court at *nisi prius* is the one which the referees had. If they had the right one, and it was the basis of their award, that is sufficient. It matters not that the signatures were not proved, when they are not even now denied.

Nothing in proof shows misconduct on the part of the referees·
No reason is perceived why the plaintiff is not entitled to judg-
ment.

If parties desire that referees should be governed by the strict
rules of the common law, they should specially so provide in their
agreements to refer.   *Sanborn* v. *Murphy*, 50 N. H. 65.

*Judgment for plaintiff for the award and interest.*

CUTTING, KENT, WALTON, BARROWS, and TAPLEY, JJ., con-
curred.